AIKINS, Administratrix, Appellant, v. PETERSON, Respondent.*

*November 29, 1960—January 10, 1961.*

* Motion for rehearing denied, with $25 costs, on March 7, 1961.

For the appellant there was a brief by *Petersen, Sutherland, Axley & Brynelson,* and oral argument by *Frank J. Bucaida,* all of Madison.

For the respondent there was a brief and oral argument by *Donald W. Kaatz* of Madison.

BROWN, J. The defendant was married to Naomi, a daughter of Jess Deaver, now deceased. On or about August 20, 1953, defendant borrowed $3,000 from Deaver upon his promissory note due one year after date. The money was invested in a tavern business which failed and Mr. Peterson became a bankrupt. On approximately February 26, 1954, Peterson paid Deaver $500 on the note. No other cash payment was made. Deaver died in May, 1955. His other daughter, Doris, now Mrs. Aikins, was appointed administratrix of his estate. The two sisters, Doris and Naomi, divided at least a portion of the estate, by what authority or for what reason does not appear. In that division the administratrix took for herself $380.33 and gave Naomi $620.33 (or $680). Naomi paid this sum into the bankruptcy court in the liquidation of her husband's affairs. Naomi also received from the attorney of the administratrix the $3,000 note. Mr. Peterson testified that Naomi then gave the note to him. Naomi denies that she gave it to him but she does not know what became of it. Mr. Peterson does not say, and was not asked, what he did with it if he had it. The note has not been produced.

On June 26, 1959, Mr. Peterson divorced his wife. The administratrix began this action October 1, 1959. Until then there had been no demand for the payment of the note.

In answer to the complaint, Peterson alleged that he had agreed with Mr. Deaver that Peterson would maintain Deaver during Deaver's lifetime in full settlement of the balance, $2,500, on the note. Peterson's testimony to that effect

was excluded as a transaction with a deceased person. Peterson was permitted to testify that Naomi, at that time his wife, told him that the two heirs, Doris and Naomi, had divided the estate and she had received this note as part of her inheritance and the note was considered paid. This testimony was incompetent as hearsay, but we do not consider its admission to be prejudicial. It is not disputed that the administratrix, by her attorney, gave the note to Mrs. Peterson.

Mrs. Peterson testified that after the note was given to her she took it home and intended to keep it. In either case by competent, undisputed evidence the note was surrendered to the wife of the maker by the personal representative of the payee.

Upon this record it appears without question that plaintiff was not the owner and holder of the note when the action was brought upon it. Sec. 116.79, Stats., says:

"EXHIBITION OF INSTRUMENT. The instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it."

There are numerous loose ends which might have been cleared up by proper questions of proper witnesses. What actually became of the note? Was the note discharged by Mr. Peterson's bankruptcy? If not, why not? Interesting questions, but not really essential here.

The note is not shown to be a negotiable instrument but the Negotiable Instruments Law, enacted by ch. 116, Stats., is a codification of the law merchant and for the point under consideration it makes no difference whether the note is or is not a negotiable instrument. Either way the note is not shown to have been destroyed and plaintiff cannot maintain an action upon it without being able to procure its cancellation upon payment. Otherwise, a judgment in this plaintiff's favor may leave outstanding a note for later presentation

against the maker by one actually a holder of the note and not concluded by the judgment in an action to which the actual holder was not a party.

We determine that plaintiff has not established her right of action. The jury returned a general verdict finding for the defendant. The court entered judgment for defendant upon that verdict and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.